Matthew C. Helland, CA SBN 250451
helland@nka.com
Daniel S. Brome, CA SBN 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Attorneys for Plaintiff and Others Similarly Situated

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Trina Ray, individually, and on behalf of others similarly situated,<br><br>                    Plaintiff,<br><br>   v.<br><br>California Department of Social Services, and Los Angeles County Department of Public Social Services,<br><br>                    Defendants. | **Case No.**<br><br>**COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND RESTITUTION**<br><br>**(1) Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. § 201, <u>et seq.</u>)** |

**PRELIMINARY STATEMENT**

1. This is a collective action brought by Individual Plaintiff Trina Ray ("Plaintiff") on her own behalf and on behalf of the proposed FLSA Collective. Plaintiff and the putative collective are or were employed by the California Department of Social Services and/or the Los Angeles County Department of Public Social Services ("Defendants"), as homecare workers, home care providers, or in other similar job titles through the In-Home Supportive Services program (collectively, "IHSS Homecare Providers") and were denied proper compensation as required by federal wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. The FLSA Collective is made up of all persons who have been employed by Defendants as IHSS Homecare Providers and who were paid for hours in excess of forty (40) per week at a rate of less than 1.5 times their regular rate at any time from January 1, 2015 to February 1, 2016 (the "Collective Period").

3. During the Collective Period, Defendants failed to pay overtime compensation to Plaintiff and each member of the FLSA Collective as required by federal law. Plaintiff seeks relief for herself and for the FLSA Collective under the FLSA requiring Defendants to pay appropriate overtime compensation.

**THE PARTIES**

4. Plaintiff Trina Ray ("Plaintiff Ray") is an individual residing in Los Angeles, California (Los Angeles County).

5. Plaintiff Ray is currently employed by Defendants as an IHSS Homecare Provider. She worked the first of two stints of employment for Defendants from approximately 2010 or 2011 until approximately October 2015. Defendants then re-hired Plaintiff in approximately September or October 2016 and have employed her since. Throughout her employment with Defendants, Plaintiff Ray has reported to the IHSS office located in Rancho Dominguez, California (Los Angeles County).

6. The In-Home Supportive Services ("IHSS") program provides in-home assistance to eligible aged, blind, and disabled individuals as an alternative to out-of-home care. IHSS currently serves over 550,000 recipients through over 460,000 homecare workers (providers). Services covered by the IHSS program include domestic services (e.g. housework, meal preparation, laundry, running errands), non-medical care services (such as bathing, dressing, bladder care); transportation services (to medical appointments), and paramedical services (necessary health care activities that recipients would normally perform for themselves were it not for their functional limitations).

7. According to its website, the mission of the California Department of Social Services (CDSS) is to serve, aid, and protect needy and vulnerable children and adults throughout the State of California. CDSS is responsible for the oversight of programs, including IHSS, which serve more than eight million people across the state.

8. According to its website, the Los Angeles Department of Public Social Services (DPSS) is the second largest department in Los Angeles County and is the largest social service agency in the United States. DPSS is involved in the administration and oversight of the IHSS program at the county level.

9. Defendants' gross annual sales made or business done has been $500,000.00 or greater at all times relevant herein. Defendants operate in interstate commerce by, among other things, receiving federal funding for the programs they administer.

**JURISDICTION AND VENUE**

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the FLSA, 29 U.S.C. §§ 201 *et seq*. Plaintiff Ray has signed a consent form to join this lawsuit, which is attached as Exhibit A. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

11.     Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391, because Defendants operate in this district and because a substantial part of the events giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

12.     Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

13.     Plaintiff and those similarly situated are individuals who were or are employed by Defendants as homecare providers through the In-Home Supportive Services program at any time between January 1, 2015 and February 1, 2016 (the "Collective Period"). As IHSS Homecare Providers, Plaintiff and the similarly situated individuals were responsible for providing in-home assistance for IHSS recipients.

14.     At all relevevant times, Defendants are, or have been, Plaintiff's and the similarly situated individuals' "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

15.     For example, Defendant CDSS exercises significant control over IHSS Homecare Providers' work. CDSS provides the form IHSS Homecare Providers use to apply for employment. CDSS issues payment to IHSS Homecare Providers, and CDSS has control over the number of hours IHSS Homecare Providers may work. CDSS also played a role in deciding whether to pay overtime to IHSS Homecare Providers.

16.     Defendant DPSS also exercises significant control over IHSS Homecare Providers' work. IHSS Homecare Providers apply for work by submitting the CDSS employment form to DPSS. DPSS maintains several offices within Los Angeles County, which serve as the employment touchpoints for IHSS Homecare Providers.  DPSS also requires that IHSS Homecare Providers record their hours via weekly timesheets and submit them to its offices throughout Los

-3-
COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND RESTITUTION

Angeles County. DPSS is responsible for reviewing requests by IHSS Homecare Providers to work more than the pre-approved maximum weekly hours. IHSS Homecare Providers regularly interact with DPSS employees regarding changes in recipients' health and/or condition. IHSS Homecare Providers also interact with DPSS employees regarding inquiries related to their pay.

17. During the Collective Period, Defendants suffered and permitted Plaintiff to regularly work more than forty (40) hours in certain workweeks without providing appropriate overtime compensation. Upon information and belief, Defendants also suffered and permitted the members of the FLSA Collective to regularly work more than forty (40) hours in certain workweeks during the Collective Period.

18. During the Collective Period, Plaintiff and those similarly situated were not compensated in accordance with the FLSA because they were not paid proper overtime wages for all hours worked in excess of forty (40) per workweek. Specifically, rather than paying them 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, which is required by the FLSA (29 U.S.C. § 207), Defendants paid them "straight time" for all of their overtime hours worked.

19. Plaintiff and those similarly situated have been eligible for overtime since at least January 1, 2015, when the Department of Labor implemented new regulations regarding overtime pay for home health care workers. Defendants were aware of the new regulations but did not begin paying overtime to IHSS Homecare Providers until February 1, 2016.

20. Defendants are aware, or should have been aware, that Plaintiff and the FLSA Collective performed work that required them to work overtime. For example, Defendants informed Plaintiff of the total number of service hours her client (the recipient enrolled in the IHSS program) was approved to receive each month. In addition, Defendants required Plaintiff and those similarly situated to

report their work hours via weekly timesheets, which routinely reflected overtime hours.

21. During the Collective Period, Plaintiff's client was approved to receive approximately 283 hours of services each month through the IHSS program, which is an average of approximately 66 hours per week. As a result, Plaintiff regularly worked well in excess of 40 weekly hours. Defendants failed to pay Plaintiff the required rate of one and one-half times her regular hourly rate for any of the overtime hours she worked.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of herself and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). Plaintiff's consent form is attached to this Complaint as Exhibit A.

23. The proposed FLSA Collective class is defined as follows:

> All people employed by Defendants as homecare workers, home care providers, or in other similar job titles, through the In-Home Supportive Services program, and who were paid for hours in excess of forty (40) per week at a rate of less than 1.5 times their regular rate at any time from January 1, 2015 to February 1, 2016.

24. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at a rate of 1.5 times an employees' regular rate of pay for hours worked over forty (40) in a workweek.

25. The FLSA contains an exemption from overtime for "domestic service" workers who provide companionship and other services to individuals who are unable to care for themselves and also contains an exemption for live-in domestic service workers. 29 U.S.C. §§ 213(a)(15) and 213(b)(21).

26. In October 2013, the United States Department of Labor determined that these exemptions do not apply to domestic-service workers employed by third-party agencies or employers.

COLLECTIVE ACTION COMPLAINT FOR DAMAGES AND RESTITUTION

27. Since January 1, 2015, federal regulations have provided that domestic-service workers employed by third-party agencies or employers are not exempt from the FLSA's minimum wage and overtime requirements. 29 C.F.R. § 552.109(a).

28. As of January 1, 2015, all domestic-service workers employed by third-party agencies or employers are entitled to overtime compensation at an hourly rate of 1.5 times the employee's regular rate of pay for hours worked over forty (40) in a work week.

29. During the Collective Period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving proper overtime compensation for their overtime hours worked.

30. Despite the Department of Labor's positon that domestic-service workers employed by third-party agencies or employers are not exempt from the FLSA's minimum wage and overtime requirements, Defendants maintained their practice of failing to pay the proper overtime compensation to Plaintiff and the FLSA Collective from January 1, 2015 to February 1, 2016. In so doing, Defendants violated the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).

31. Defendants were aware that they were not compensating Plaintiff and the FLSA Collective for overtime between January 1, 2015 and February 1, 2016, and were aware of the new Department of Labor regulations.

32. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for all hours worked over forty (40).

33. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the Collective. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the

opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CLAIM FOR RELIEF

## FAIR LABOR STANDARDS ACT

29 U.S.C. §§ 201 et seq.

(On Behalf of Plaintiff and the FLSA Collective)

34. Plaintiff and the FLSA Collective allege and incorporate by reference the allegations in the preceding paragraphs.

35. The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

36. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) per workweek. By failing to pay Plaintiff and the FLSA Collective overtime compensation of one and one-half times their hourly rate of pay for the overtime hours they worked, Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq*.

37. Defendants knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA.

38. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

39. Plaintiff, on behalf of herself and the FLSA Collective, seeks damages in the amount of all unpaid overtime compensation owed to herself and the FLSA Collective, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

40. Plaintiff, on behalf of herself and the FLSA Collective, seeks recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all members of the FLSA Collective, prays for relief as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C. Judgment against Defendants for violation of the overtime provisions of the FLSA;

D. Judgment that Defendants' violations as described above were willful;

E. An award in an amount equal to Plaintiff's and the FLSA Collective's unpaid back wages at the applicable overtime rate;

F. An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon;

G. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

H. An award of prejudgment interest to the extent liquidated damages are not awarded;

I. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

J. Leave to amend to add additional county agency defendants, if necessary; and

K. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Dated: June 7, 2017 **NICHOLS KASTER, LLP**

By: s/Matthew C. Helland
Matthew C. Helland

Attorneys for Plaintiff and Others Similarly Situated