Matthew C. Helland, CA SBN 250451
helland@nka.com
Daniel S. Brome, CA SBN 278915
dbrome@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Attorneys for Plaintiff and Others Similarly Situated

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Trina Ray, individually, and on behalf of others similarly situated,

Plaintiff,

v.

California Department of Social Services, and Los Angeles County Department of Public Social Services,

Defendants.

**Case No. 2:17-cv-04239-PA-SK**

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND DISTRIBUTION OF JUDICIAL NOTICE**

**Date:** July 31, 2017
**Time:** 1:30 p.m.
**Room:** 9A

**Hon. Percy Anderson**

# TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 2

A. The Court Should Not Delay Conditional Certification To Resolve the Time Period for Which DPSS is Liable .......... 3

B. The Court Should Issue Notice to the Broadest Possible Time Frame 6

C. The Court Should Not Delay Conditional Certification to Determine Whether DPSS is an Employer .......... 6

D. Opt-In Plaintiff Declarations Support Plaintiffs' Motion .......... 7

E. The Court Should Approve Plaintiffs' Proposed Notice as Revised .... 9

F. The Court Should Order Tolling if it Allows DPSS Mote than 10 Days to Produce the Requested Information .......... 10

III. CONCLUSION .......... 12

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530 (N.D. Cal. 2007) .............3, 7, 11

*Bonn-Wittingham v. Project O.H.R. (Office for Homecare Referral), Inc.*, 2016 WL 7243541 (E.D.N.Y. Dec. 14, 2016) .............5

*Bonnette v. California Health & Welfare Agency, 704 F.2d 1465, 1470 (9th Cir. 1983)* .............*7*

*Boyd v. Bank of Am. Corp.*, 2013 WL 6536751 (C.D. Cal. Dec. 11, 2013) .............6

*Cowell v. Utopia Home Care, Inc.*, 144 F. Supp. 3d 398 (E.D.N.Y. 2015) .............5

*Cummings v. Bost, Inc.*, 218 F. Supp. 3d 978 (W.D. Ark. 2016) .............5

*Delgado v. Ortho-McNeil, Inc.*, 2007 WL 2847238 (C.D. Cal. Aug. 7, 2007) .............6

*Dillow v. Home Care Network, Inc.*, 2017 WL 2418738 (S.D. Ohio June 5, 2017) .............5

*Evans v. Caregivers, Inc.*, 2017 WL 2212977 (M.D. Tenn. May 19, 2017) .............5

*Gross v. Statewide Healthcare Servs., Inc.*, 2016 WL 8454094 (S.D. Ala. May 10, 2016) .............4

*Harris v. Vector Marketing Corp.*, 716 F. Supp. 2d 835 (N.D. Cal. 2010) .............3, 7

*Hart v. U.S. Bank NA*, 2013 WL 5965637 (D. Ariz. Nov. 8, 2013) .............6

*Heath v. Google Inc.*, 215 F. Supp. 3d 844 (N.D. Cal. 2016) .............8

*Helton v. Factor 5, Inc.*, 2012 WL 2428219 (N.D. Cal. June 26, 2012) .............17

*Hypolite v. Health Care Servs. of N.Y. Inc.*, 2017 WL 2712947 (S.D.N.Y. June 23, 2017) .............4

*Javine v. San Luis Ambulance Serv., Inc.*, 2015 WL 12672090 (C.D. Cal. Jan. 13, 2015) .............2

*Jordan v. Maxim Healthcare Servs., Inc.*, 2016 WL 1059540 (D. Colo. Mar. 17, 2016) .............4

*Kellgren v. Petco Animal Supplies, Inc.*, 2014 WL 2558688 (S.D. Cal. June 6, 2014) .............11

*Kinkead v. Humana, Inc.*, 206 F. Supp. 3d 751 (D. Conn. 2016) .............4

*Kress v. PricewaterhouseCoopers, LLP*, 263 F.R.D. 623 (E.D. Cal. 2009) .............7, 9

*Lewis–Ramsey v. The Evangelical Lutheran Good Samaritan Society*, 215 F.Supp.3d 805 (S.D. Iowa 2016) .............4

*Litty v. Merrill Lynch & Co., Inc.*, 2014 WL 5904907 (C.D. Cal. Aug. 4, 2014) .............2, 3, 7

*Lynch v. Dining Concepts Grp., LLC*, 2015 WL 5916212 (D.S.C. Oct. 8, 2015)....... 9

*Mayfield-Dillard v. Direct Home Health Care, Inc.*, 2017 WL 945087 (D. Minn. Mar. 10, 2017) ........ 4

*Misra v. Decision One Mortg. Co.*, 673 F. Supp. 2d 987 (C.D. Cal. 2008) ................ 2

*Mitchell v. Acosta Sales, LLC*, 841 F. Supp. 2d 1105 (C.D. Cal. 2011) ............... 7, 11

*O'Neal v. Am.'s Best Tire LLC*, 2016 WL 3087296 (D. Ariz. June 2, 2016) ......... 3, 6

*Partlow v. Jewish Orphans Home of S. Cal., Inc.*, 645 F.2d 757 (9th Cir. 1981)..... 11

*Ramirez v. Ghilotti Bros, Inc.*, 941 F. Supp. 2d 1197 (N.D. Cal. Apr. 25, 2013) ....... 6

*Senne v. Kansas City Royals Baseball Corp.*, 2015 WL 6152476 (N.D. Cal. Oct. 20, 2015)........ 5

*Shaia v. Harvest Mgmt. Sub LLC*, 306 F.R.D. 268 (N.D. Cal. 2015) ................. 2, 3, 7

*Smith v. Bimbo Bakeries USA, Inc.*, 2013 WL 4479294 (C.D. Cal. Aug. 19, 2013) .. 2

*Tinsley v. Covenant Care Servs., LLC*, 228 F. Supp. 3d 911 (E.D. Mo. 2017)........... 4

*Wren v. Rgis Inventory Specialists*, 2007 WL 4532218 (N.D. Cal. Dec. 19, 2007) ... 6

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The Los Angeles Department of Social Services ("DPSS") opposes conditional certification *not* based on alleged individualized inquiries or differences between IHSS Homecare Providers, but based on common, centralized, legal issues that will be resolved on behalf of the *entire* Collective. The existence of these common legal issues confirms that conditional certification is warranted. Courts (including this one) recognize that merits inquiries should not be resolved on a motion for conditional certification, and that conditional certification and judicial notice should not be delayed for their resolution.

DPSS's motivation is clear: because the statute of limitations is running as to the tens of thousands of minimum wage workers who have not received notice of this case, any delay amounts to a partial win on the merits for DPSS. As of the hearing on this motion there will only be six months left in the non-willful FLSA statute of limitations.[1] If the Court takes one month to rule on this motion and then gives the County sixty days to gather and produce the information necessary for notice, members of the Collective will have, at *most*, three months left in their non-willful statute of limitations when they receive notice.

The running statute of limitations is especially harsh in FLSA cases because the statute applies to each particular paycheck. The FLSA is therefore unlike other statutes, under which all potential damages are preserved as long as the case is timely filed. Here, if an employee joins the case with one week left in her statute of limitations, she is only eligible to recover one week of damages. Accordingly, a three month delay in notice could have the effect of cutting Defendant's non-willful exposure in half. Plaintiffs respectfully request that the Court move swiftly in

[1] Plaintiffs do not concede that DPSS's violations were not willful, but note the two-year non-willful statute of limitations to stress the importance of prompt notice.

granting their motion and ordering issuance of judicial notice, and that it toll the statute of limitations for any delays in the distribution of notice.

## II. ARGUMENT

The standard for conditional certification is exceedingly low; Plaintiffs must only show that they are "similarly situated" to members of the Collective in order to prevail. *Javine v. San Luis Ambulance Serv., Inc.*, 2015 WL 12672090, at **6-7 (C.D. Cal. Jan. 13, 2015); *Smith v. Bimbo Bakeries USA, Inc.*, 2013 WL 4479294, at *2 (C.D. Cal. Aug. 19, 2013); *Mitchell v. Acosta Sales, LLC*, 841 F. Supp. 2d 1105, 1115 (C.D. Cal. 2011); *Kress v. PricewaterhouseCoopers, LLP*, 263 F.R.D. 623, 627 & n.3 (E.D. Cal. 2009); *Misra v. Decision One Mortg. Co.*, 673 F. Supp. 2d 987 (C.D. Cal. 2008). In the rare cases where conditional certification has been denied, that denial rests on the existence of individualized factual or legal inquiries and variations amongst the plaintiffs themselves. *See, e.g.*, *Litty v. Merrill Lynch & Co.*, 2014 WL 5904907, at *9 (C.D. Cal. Aug. 4, 2014) (Anderson, J.). DPSS's opposition to Plaintiffs' motion for conditional certification fails because *it does not identify a single relevant difference amongst members of the putative Collective*. Instead, DPSS opposes conditional certification based on uniform legal questions which are perfectly suited for collective treatment. In so doing, DPSS confirms the very reason that conditional certification is warranted—because Plaintiffs and other IHSS Homecare Providers are similarly situated with respect to the core legal issues of the case.

The first stage "similarly situated" inquiry does not include an examination of the merits. *Shaia v. Harvest Mgmt. Sub LLC*, 306 F.R.D. 268, 272 (N.D. Cal. 2015) ("The initial 'notice stage' is not the appropriate time for a court to evaluate the merits of plaintiffs' FLSA claims"). "[B]ecause of the limited amount of evidence available at this stage of the proceedings, when determining 'whether to conditionally certify a proposed class for notifications purposes only,' the Court does 'not review the underlying merits of the action.'" *Litty*, 2014 WL 5904907, at

*9. "[N]umerous courts have declined to address arguments going to the merits during the first tier of the analysis, indicating that such arguments are more appropriately considered as per the court's analysis in a second tier determination on a motion to decertify or a motion for summary judgment after discovery has closed." *Helton v. Factor 5, Inc.*, 2012 WL 2428219, at *5 (N.D. Cal. June 26, 2012); *see also Adams v. Inter-Con Sec. Sys.*, 242 F.R.D. 530, 535 (N.D. Cal. April 11, 2007) (rejecting defendant's request to defer ruling on conditional certification pending motion to dismiss); *O'Neal v. Am.'s Best Tire LLC*, 2016 WL 3087296, at *6 (D. Ariz. June 2, 2016) ("[C]ourts do not review the underlying merits of the action in ruling on a motion for conditional certification under the FLSA."); *Shaia*, 306 F.R.D. at 272 ("courts routinely hold that the potential applicability of an FLSA exemption does not preclude conditional certification").

The well-accepted practice of reserving merits inquiries supports conditional certification here. DPSS identifies several legal arguments it argues are dispositive, but those arguments apply to the Collective in the same exact manner and will be resolved without the need for individualized determinations. The Court should therefore grant Plaintiffs' motion for conditional certification.

### A. The Court Should Not Delay Conditional Certification to Resolve the Time Period for Which DPSS is Liable

DPSS devotes a substantial portion of its opposition to merits-based arguments regarding the effective date of the relevant FLSA regulations. There can be no doubt that this is a common legal question that will apply in a uniform manner to the entire collective. As this Court has recognized, "when determining 'whether to conditionally certify a proposed class for notifications purposes only,' the Court does 'not review the underlying merits of the action.'" *Litty*, 2014 WL 5904907, at *9. The Court should therefore resist DPSS's urging to delay resolution of this motion until it files its motion to dismiss. In a recent case filed under similar legal theories, a court granted conditional certification, noting that it "does not . . . assess

the merits of the case at this early juncture." *Mayfield-Dillard v. Direct Home Healthcare, Inc.*, 2017 WL 945087 at *1 (D. Minn. March 10, 2017).

Although the Court should not take up this merits issue now, Plaintiffs would be remiss if they did not inform the Court that the vast majority of cases considering the issue have held that the effective date of the applicable regulation is, was, and always has been January 1, 2015. *See Kinkead v. Humana, Inc.*, 206 F. Supp. 3d 751 (D. Conn. 2016) (holding that the effective date is January 1, 2015, the court stated the "well-established rule that judicial decisions are presumptively retroactive in their effect and operation regarding the effect of the district court's *vacatur* and the reversal by the appellate court"); *Hypolite v. Health Care Servs. of N.Y. Inc.*, 2017 WL 2712947, at *6 (S.D.N.Y. June 23, 2017) ("Accordingly, the Home Health Aide Exemption was narrowed on January 1, 2015"); *Lewis–Ramsey v. The Evangelical Lutheran Good Samaritan Society*, 215 F.Supp.3d 805, 810 (S.D. Iowa 2016) ("the Court adopts the extremely well-reasoned opinion of Judge Meyer [*Kinkead*] and concludes that the effective date of the Final Rule is January 1, 2015"); *Cummings v. Bost, Inc.*, 218 F. Supp. 3d 978, 987 (W.D. Ark. 2016) ("The Court finds it contrary to general principles of fairness to allow Bost 'to escape liability for nearly a year's worth of overtime wages based on a district court decision that was ultimately deemed to be error'"); *Jordan v. Maxim Healthcare Servs., Inc.*, 2016 WL 1059540, at *6, n.4 (D. Colo. Mar. 17, 2016) ("29 C.F.R. §552.109 has since been amended, effective January 1, 2015, to specifically provide that the companion exemption does not apply to third party employers."); *Gross v. Statewide Healthcare Servs., Inc.*, 2016 WL 8454094, at *1 (S.D. Ala. May 10, 2016) ("Defendants' legal position is potentially hampered by a new DOL regulation whose effective date was January 1, 2015 (two months before Gross's employment concluded), and which specifies that '[t]hird party employers of employees engaged in companionship services within the meaning of §552.6 may not avail themselves of the minimum wage and overtime exemption provided by section 13(a)(15) of the Act.'"); *Tinsley*

*v. Covenant Care Servs., LLC*, 228 F. Supp. 3d 911 (E.D. Mo. 2017) (Finding the effective date to be January 1, 2015, the court stated: "Considering the history and development of the home care industry, it is fair and reasonable for the exemption to benefit home care recipients and their families when the families directly hire domestic service workers; the result is that the ordinary family will not also incur the financial burden of overtime pay. [Citation Omitted.] On the other hand, it would not be fair for an in-home care agency that *generates profit from the overtime work of its employees* to benefit from the exemption without paying overtime to its employees."); *Cowell v. Utopia Home Care, Inc.*, 144 F. Supp. 3d 398, 402 (E.D.N.Y. 2015) ("Effective January 1, 2015, the definition of 'companionship services' was amended"); *Bonn-Wittingham v. Project O.H.R. (Office for Homecare Referral), Inc.*, 2016 WL 7243541, at *3 (E.D.N.Y. Dec. 14, 2016) ("Under new regulations effective January 1, 2015, only 'fellowship and protection' services are exempt from FLSA protection."); *Dillow v. Home Care Network, Inc.*, 2017 WL 749196, at *4 (S.D. Ohio Feb. 27, 2017) ("It is disingenuous to suggest that defendant, or any other similarly situated party, could not anticipate that there was a significant possibility the D.C. District Court's decision in *Weil* would be overturned on appeal."); *Evans v. Caregivers, Inc.*, 2017 WL 2212977, at *3 (M.D. Tenn. May 19, 2017) ("Although defendants might have hoped that the district court's decision would spare them from having to pay overtime, they were doubtlessly aware of a likelihood that the D.C. Circuit would do just what appellate courts often do – reverse the decision of the district court."); *Cooper v. Integrity Home Care, Inc.*, No. 4:16-cv-01293, 2017 U.S. Dist. LEXIS 65521 (W.D. Missouri, June 16, 2017) ("The court holds the effective date of the Final Rule was January 1, 2015.").

Without delving further into the merits at this point, Plaintiffs respectfully submit that DPSS stands in a substantially weaker position than Plaintiffs regarding the effective date of the applicable regulation. While courts should never delay ruling on conditional certification to take up merits issues, that maxim *must* hold

true when the case law is so stacked so heavily against the defendant.

**B. The Court Should Issue Notice to the Broadest Possible Time Frame**

DPSS argues that Plaintiffs' proposed notice period is overbroad because it includes time periods for which it believes it is not liable. This argument is akin to the argument that notice should only cover a two-year statute of limitations rather than the three-year (willful) time period; an argument that has been soundly rejected. *See Senne v. Kansas City Royals Baseball Corp.*, 2015 WL 6152476 at *16 (N.D. Cal. Oct. 20, 2015) (declining to limit the class period to two years because willfulness "is a question more appropriately decided after the development of a complete factual record"); *Boyd v. Bank of Am. Corp.*, 2013 WL 6536751, at *4 (C.D. Cal. Dec. 11, 2013); *Delgado v. Ortho-McNeil, Inc.*, 2007 WL 2847238, at *4, fn. 2 (C.D. Cal. Aug. 7, 2007); *Ramirez v. Ghilotti Bros. Inc.*, 2013 WL 1786636, at *6 (N.D. Cal. Apr. 25, 2013); *Wren v. Rgis Inventory Specialists*, 2007 WL 4532218, at *9 (N.D. Cal. Dec. 19, 2007); *O'Neal*, 2016 WL 3087296, at *6; *Hart v. U.S. Bank NA*, 2013 WL 5965637, at *6 (D. Ariz. Nov. 8, 2013).

As one court recognized, "[t]o limit the class period to two years would amount to a holding that Plaintiffs, as a matter of law, will be unable to establish willfulness." *Wren*, 2007 WL 4532218, at *9. That is because, without notice, the mere passage of time will result in the elimination of claims. The same is true here; limiting notice to October 2015 through February 2016 would amount to a ruling for DPSS on the merits of the effective date issue. Because such a ruling would be improper in the context of a motion for conditional certification, the Court should authorize notice for the entire period at issue—January 1, 2015 through February 1, 2016.

**C. The Court Should Not Delay Conditional Certification to Determine Whether DPSS is an Employer**

DPSS also suggests that it is not an employer of IHSS Homecare Providers and that any suggestion to that effect is "false and misleading." (Def. Mem., ECF

No. 31, at 7 of 21.) However, DPSS fails to disclose two separate appellate decisions finding that county agencies may be employers of IHSS homecare providers under the FLSA. *See Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983); *Guerrero v. Superior Court*, 213 Cal. App. 4th 912, 930 (2013), *as modified on denial of reh'g* (Mar. 11, 2013). It is unclear to Plaintiffs whether DPSS intends to move to dismiss on the grounds of its employer status under the FLSA, but if it does, the court should address that motion in due course and not delay resolution of conditional certification. *See Litty*, 2014 WL 5904907, at *9; *Helton*, 2012 WL 2428219, at *5; *Adams*, 242 F.R.D. at 535; *O'Neal*, 2016 WL 3087296, at *6; *Shaia*, 306 F.R.D. at 272.

**D. Opt-In Plaintiff Declarations Support Plaintiffs' Motion**

DPSS advances the curious argument that a plaintiff may not support her motion for conditional certification with declarations from opt-in Plaintiffs. In reality, that is the normal course in FLSA conditional certification motions. *See*, *e.g.*, *Litty*, 2014 WL 5904907, at *8 (conditional certification reviewed "based on the pleadings and any declarations that have been submitted"); *Harris*, 716 F. Supp. 2d at 838 ("A plaintiff need not submit a large number of declarations or affidavits to make the requisite factual showing. A handful of declarations may suffice."). Plaintiffs Sutherland and Nichols are opt-in Plaintiffs in this action, and declaration testimony showing they are similarly situated is the quintessential type of proof on which plaintiffs rely at conditional certification. There is no authority for the proposition that a court should disregard declarations from opt-in Plaintiffs.

DPSS's argument that Plaintiff Ray is "inadequate" rests solely on its legal argument that the relevant FLSA regulation was not effective prior to October 2015. There are several problems with that argument. First, the vast majority of courts to consider the issue disagree with DPSS on the law. Second, the argument presents a legal question on the merits that should not be considered at conditional certification. Third, if the Court eventually rules in DPSS's favor on this issue, there

are other Plaintiffs who could step in as a lead Plaintiff. Indeed, Plaintiffs may add an additional named Plaintiff if and when they amend their complaint in conjunction with DPSS's forthcoming motion to dismiss—even though that amendment is not necessary for the purposes of this motion.[2]

Turning to Plaintiffs' declarations, DPSS does not dispute any Plaintiff's contention that she worked overtime during the time period Plaintiffs put at issue in this case. In fact, the opposite is true. DPSS submits declaration testimony of its own *confirming* that Plaintiff Ray worked over 271 hours per month between January and September 2015—an average of well over ***60 hours per week***. Because the Court should not rule on the effective date of the regulation in conjunction with this motion, there is no dispute that Plaintiffs are similarly situated with respect to overtime work.[3]

Clinging to its argument about the effective date, DPSS contends that Plaintiffs Nichols and Sutherland did not specifically testify that they worked overtime between October 2015 and February 2016. There was no reason for them to provide such specific testimony, as Plaintiffs do not limit their theory of recovery to that time period. Plaintiffs' declarations were meant to convey that Plaintiffs regularly worked over 40 hours per week throughout the entire year and should be

---

[2] Plaintiffs are prepared to amend their complaint in response to any issues DPSS raises, and have invited DPSS to meet and confer the week of July 10. DPSS declined that invitation, and is waiting to meet and confer until July 17, the date this brief is due and seven days prior to its responsive deadline.

[3] DPSS's evidentiary objections (especially under rule 403) are baseless in light of its own submission of declaration testimony providing similar information. Even so, "a majority of courts have determined that evidentiary rules should be relaxed at this [conditional certification] stage." *Shaia*, 306 F.R.D. at 275 (citing cases). Thus, "the Court may consider evidence [at conditional certification] that may not be admissible at trial." *Heath v. Google Inc.*, 215 F. Supp. 3d 844, 853 (N.D. Cal. 2016). Plaintiffs' Counsel will address these objections fully at oral argument if the Court believes they warrant further response.

taken on face value for that point.[4] Nevertheless, the additional declarations submitted with this reply confirm what should be common sense—that Plaintiffs worked overtime throughout 2015, including between October and December. (Nichols Supp. Decl. ¶ 2; Sutherland Supp. Decl. ¶ 2; Walker Decl. ¶¶ 4-5.)

There is no real question here that at least some of the tens of thousands of LA IHSS Homecare Providers worked unpaid overtime in 2015, and specifically between October 2015 and February 2016. Likewise, DPSS does not dispute the policy outlined in Plaintiffs' opening motion—that DPSS did not pay overtime to IHSS Homecare Providers between January 2015 and February 2016. *See* ECF Nos. 27-8, 27-12. DPSS does not contend that there are individualized issues with respect to the implementation of these policies or its potential liability for unpaid overtime. Accordingly, conditional certification is appropriate.

**E. The Court Should Approve Plaintiffs' Proposed Notice as Revised**

DPSS objects to Plaintiffs' notice plan, which is an attempt to ensure all members of the Collective are informed of their rights in this case. While DPSS argues that follow-up notice would be "harassing or intrusive," DPSS's true motivation is to limit the number of people who eventually join this case. Plaintiffs respectfully submit that informing minimum wage workers of their legal rights is neither harassing nor intrusive, and therefore request that the Court order at least some alternate methods of notice in addition to mail, even if it does not order distribution via all the methods Plaintiffs' propose. For example, the Court could authorize email and mail notice, with text message notice to be permitted if mail is undeliverable and the email was not opened. *See Lynch v. Dining Concepts Grp., LLC*, 2015 WL 5916212, at *6 (D.S.C. Oct. 8, 2015) (cited by DPSS).[5]

---

[4] As reflected in the Magallanes declaration, DPSS has easy access to these Plaintiffs' hours, and one could expect that DPSS would have submitted them if they showed no overtime between October 2015 and February 2016.

[5] Plaintiffs note that email notice may be ineffective even it if is not returned undeliverable. Mass email systems are able to determine whether an email has been

To that end, Plaintiffs' need for cell phone numbers is obvious if text message notice is authorized. Plaintiffs presume DPSS has this information available in its databases, and DPSS does not suggest otherwise. As to the production of the last four digits of employees' social security numbers, that information is useful for locating new addresses when mail is returned undeliverable. Plaintiffs would only use it for that purpose.

Other than the time frame covered by the notice and the reference to DPSS as an employer, DPSS does not advance any substantive objections to the contents of Plaintiffs' proposed notice. Plaintiffs have revised the notice to reflect the dismissal of the state agency from the case, and have identified the proposed language for text message notice. *See* Helland Reply Decl. ¶ 2, Exhs. 26-27. The Court should approve the substance of the revised notice as submitted.

**F. The Court Should Order Tolling if it Allows DPSS More than 10 Days to Produce the Requested Information**

Plaintiffs acknowledge the large size of the Collective. However, DPSS's opposition provides no support for its request for 60 days to produce the class list. Instead, the declaration of Maria Magallanes describes a statewide database of electronically available information that should make data production fairly easy. *See* ECF No. 31-3. The database and processing system mails timecards to IHSS providers, meaning that it contains addresses for members of the Collective. *Id.* ¶ 10. The database maintains information about hours worked and payments made, and that information is available electronically. *Id.* at 11. DPSS accessed the database to provide information about the precise hours worked by Ms. Ray. In short, Ms. Magallanes' declaration confirms that DPSS has the relevant electronic data at its fingertips and should be able to produce it promptly.

---

opened, and therefore Plaintiffs would propose that any order along these lines allow text message notice when mail is undeliverable and email notice is *unopened*, as opposed to when both are "undeliverable."

Moreover, as discussed throughout this briefing, the running statute of limitations significantly prejudices members of the putative Collective and directly benefits DPSS. Each day that passes without distribution of notice potentially reduces recovery by a day. Accordingly, any delay in production of the class list should be accompanied by equitable tolling.

"The statute of limitations for FLSA claims is subject to equitable tolling." *Kellgren v. Petco Animal Supplies, Inc.*, 2014 WL 2558688, at *4 (S.D. Cal. June 6, 2014) (citing *Partlow v. Jewish Orphans Home of S. Cal., Inc.*, 645 F.2d 757 (9th Cir.1981); *see also Mitchell*, 841 F. Supp. 2d at 1120 (granting equitable tolling in an FLSA collective action). There is no clear standard in the Ninth Circuit as to when equitable tolling is appropriate. *See Adams*, 242 F.R.D. at 543 (granting tolling for delayed production of the class list). "As an equitable matter, the inquiry should focus on fairness to both parties." *Kellgren*, 2014 WL 2558688, at *4.

"As part of the determination of the possible prejudice to the defendant, the court should ask whether the defendant was aware of the potential scope of liability when the complaint was filed." *Id.* Here, DPSS is, and has been, aware of the potential scope of liability since the case was filed, and therefore "is not unfairly prejudiced" by tolling. *Kellgren*, 2014 WL 2558688, at *5. On the other hand, there are tens of thousands of minimum wage workers whose rights to overtime pay are dwindling. "[DPSS] possesses the identity of those persons and their work records (hours, pay, etc.) and it is unfair to assume that they could somehow have become aware of this litigation without notification." *Id.* Thus, members of the Collective suffer great prejudice each day that passes without issuance of notice.

There can be no doubt that Plaintiffs have pursued conditional certification and judicial notice swiftly and without delay. Any delay by DPSS in producing the class list is therefore grounds for equitable tolling. *See Mitchell*, 841 F. Supp. 2d at 1120 ("Plaintiffs timely requested, but Acosta has not yet produced, class member contact information. Equitable tolling is justified on [that] basis"); *Adams*, 242

F.R.D. at 543 ("The potential plaintiffs in this case have yet to receive notice of the action due to defendant's refusal to supply potential plaintiffs' contact information to the named plaintiffs.") "Applying equitable tolling . . . counters the advantage defendants would otherwise gain by withholding potential plaintiffs' contact information until the last possible moment." *Adams*, 242 F.R.D. at 543. To ensure that DPSS is not advantaged by a day delay in production of the class list, the Court should order equitable tolling for the number of days over 10 it provides DPSS to produce the list for judicial notice.

## III. CONCLUSION[6]

For these reasons, the Court should grant Plaintiffs' motion for conditional certification and authorize distribution of judicial notice.

Dated: July 17, 2017

**NICHOLS KASTER, LLP**

By: s/Matthew C. Helland
Matthew C. Helland

Attorneys for Plaintiff and Others Similarly Situated

[6] DPSS contends that Plaintiffs did not adequately meet and confer prior to filing this motion. But as the Court is aware, Plaintiffs first filed the motion on June 9 (ECF No. 10) and served it on DPSS soon thereafter. Thus, DPSS had the motion in its possession for almost two weeks before the meet and confer telephone call (which Mr. Yoo acknowledges occurred), and for three weeks before Plaintiffs refiled it. Plaintiffs respectfully submit that if Mr. Yoo was authorized to request and negotiate an extension of DPSS's responsive deadline, DPSS cannot avoid this motion by arguing that Mr. Yoo was not authorized or able to meet and confer at Plaintiffs' request.